UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEE ANN REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-79-HSM-DCP |
| | ) | |
| | ) | |
| KNOX COUNTY GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion for Protective Order to Quash and/or Limit Depositions [Doc. 34]. Plaintiff filed a Response [Doc. 39] in opposition to the Motion, and Defendant filed a Reply [Doc. 44]. The Motion is ripe for adjudication. Accordingly, for the reasons set forth below, the Court **DENIES** Defendant's Motion [**Doc. 34**].

## I. POSITIONS OF THE PARTIES

Defendant moves [Doc. 34] the Court for a protective order and/or to limit Plaintiff's noticed depositions pursuant to Federal Rule of Civil Procedure 26(b)(1) and (c). Specifically, Defendant requests that the Court enter a protective order quashing the notice upon Mayor Burchett and/or holding that Plaintiff is not entitled to depose Mayor Burchett. In addition, Defendant argues that Plaintiff noticed a Rule 30(b)(6) witness on three matters relating to a confidential mediation agreement. Defendant objects to any discovery regarding the mediated agreement, arguing that Plaintiff is not complying with the properly executed confidentiality

agreement as more fully explained in Defendant's first motion in limine [Doc. 33].[1] Defendant argues that any further disclosures constitute a material breach in violation of the confidentiality provision of the mediation agreement dated June 6, 2016. Defendant states that for the reasons explained in its motion in limine, Plaintiff is not permitted to engage in discovery under the new standards under Rule 26(b) and that the discovery is not relevant.

Plaintiff filed a Response [Doc. 39], arguing that Mayor Burchett has first-hand knowledge of the facts in this matter and that Defendant identified Mayor Burchett in its initial disclosures as an individual who likely has discoverable information in support of defenses. In the alternative, Plaintiff asserts that if the Court is inclined to forbid the deposition or limit the scope of the deposition, she will not take Mayor Burchett's deposition until after August 31, 2018, which is when he leaves office. With respect to the Rule 30(b)(6) witness, Plaintiff asserts that the subject matter does not violate the agreement to mediate and is entirely consistent with Rule 408 of the Federal Rules of Evidence as referenced in the agreement to mediate. Plaintiff references her response to Defendant's motion in limine.[2]

Defendant filed a Reply [Doc. 44], stating that with respect to Mayor Burchett's deposition, it has met its burden under Rule 26(c) to quash the deposition. Defendant states that Plaintiff now has the burden to show extraordinary circumstances to depose Mayor Burchett. Defendant argues

---

[1] In its Motion in Limine [Doc. 33], Defendant objects to any further disclosures and asserts that the allegations of the Complaint constitute a material breach and violation of the confidentiality provision of the mediation agreement.

[2] In Plaintiff's response to the motion in limine [Doc. 38], she asserts that there is not a blanket ban on settlement negotiations under Rule 408 and that she does not intend to use such evidence to prove or disprove the merits of the amount of a disputed claim. Instead, Plaintiff submits that such evidence would show that she did not give up her right to employment with Defendant by accepting an offer of judgment and that the evidence will show Defendant's bias and prejudice against Plaintiff for having engaged in protected conduct.

that with respect to the Rule 30(b)(6) notice, settlement negotiations are irrelevant subject matter for Plaintiff to explore in a deposition.

## II. ANALYSIS

The Court has considered the parties' filings, and for the reasons set forth below, the Court finds Defendant's Motion not well taken.

As mentioned above, Defendant's Motion is filed pursuant to Rule 26(b)(1) and (c). Rule 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.,* 319 F.R.D. 240, 242 (N.D. Ohio 2017) *(quoting Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016). "[T]he [C]ourt retains the final discretion to determine whether a discovery requests is broad or oppressive." *Id.* (citing *Surles v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007)).

Further, Rule 26(c)(1) provides that a court may, "for good cause," issue a protective order to "[a] party or any person whom discovery is sought," to prevent "annoyance, embarrassment,

3

oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The movant for the protective order has the burden to show good cause. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Maxchief Investments Ltd. v. Plastic Dev. Grp., LLC,* No. 3:16-CV-63, 2017 WL 710956, at *1 (E.D. Tenn. Feb. 22, 2017) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

With the above guidance in mind, the Court will turn to the present issues. Specifically, Defendant has objected to Mayor Burchett's deposition and to certain topics with respect to the Rule 30(b)(6) witness's deposition.

    **1.**    **Mayor Burchett's Deposition**

Defendant asserts that courts impose substantial limitations in actions that implicate high-ranking public officials and that Plaintiff cannot make a clear showing that the deposition of Mayor Burchett is essential to her case. Plaintiff disagrees with Defendant's assertion and adds that she will agree not to take Mayor Burchett's deposition until after he leaves office on or about August 31, 2018.

The Court finds Defendant's request to quash or limit Mayor Burchett's deposition on the basis that he is a high-ranking public official moot. As Plaintiff indicated, Mayor Burchett left office on August 31, 2018, and therefore, he is no longer a high-ranking public official. Accordingly, the Court finds Defendant's request to quash or limit Mayor Burchett's deposition to be moot.

    **2.**    **Rule 30(b)(6) Witness's Deposition**

Defendant states that Plaintiff noticed a Rule 30(b)(6) witness and that the topics included in the notice are protected by a properly executed mediation confidentiality agreement. In its

4

motion in limine referenced in the instant Motion, Defendant states that both parties agreed as follows, "Absent the permission of all parties, no participant at the mediation shall disclose to any other person any conduct or statements made in the course of the mediation proceedings . . ." [Doc. 33 at 2]. Further, Defendant asserts that such discovery is not relevant. Plaintiff disagrees and argues that the subject matter contained in the Rule 30(b)(6) notice seeks evidence that may be used for "another purpose" consistent with Rule 408. Specifically, Plaintiff asserts that such evidence goes to motive, prejudice, bias, intent, knowledge of protected activities, and is relevant to pretext.

Defendant objects to the following subjects that were noticed for the Rule 30(b)(6) deposition:

1. With respect to the mediation Waiver and Release Agreements attached as Ex. A, the names and roles of the Knox County agents and/or and [sic] employees who had knowledge, and/or requested, and/or approved of the "no rehire clause" contained in Paragraph 13;

2. The names and roles of the Knox County employees who gave approval of and/or authorized the mediated settlement in Reynolds V. [sic] Knox County and MPC, Case No. 3:15-cv-265, in the amount of $800,000 (See Exh. A.); and

3. The names and roles of the Knox County agents, and/or employees who gave approval and/or authorized Knox County and MPC to make the Offer of Judgment in the amount of $800,000 in Reynolds v. Knox County and MPC, Case No. 3:15-cv-265 (See Exh. B.).

In the instant matter, the Court finds Defendant's position not well taken. First, the three matters set forth above simply request the names and the roles of the individuals approving certain agreements and provisions, and the Court is not entirely convinced such matters are protected under the confidentiality agreement. In any event, the Court finds that the subject matter is

5

permissible discovery pursuant to Rule 26(b). Here, Plaintiff has alleged that she was not rehired for several positions, despite promises from the Knox County Finance Director and the Finance Controller and despite being qualified for the applicable jobs. Plaintiff asserts that the "no rehire clause" is relevant to show that she did not give up her right to employment with Defendant by accepting the Offer of Judgment and that this provision shows Defendant's bias and prejudice against Plaintiff for having engaged in protected conduct. The Court finds Plaintiff has established that the information is discoverable and that Defendant has not shown otherwise.

Finally, the Court does not opine on Defendant's motion in limine and whether such evidence is admissible at trial, and the parties may submit a joint motion for a protective order to protect the confidentiality of the above matters during the discovery phase.

### III. CONCLUSION

Accordingly, for the reasons set forth above, Defendant's Motion for Protective Order to Quash and/or Limit Depositions [**Doc. 34**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge