UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEE ANN REYNOLDS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:17-CV-79-HSM-DCP |
| KNOX COUNTY GOVERNMENT, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Strike and Exclude Expert Witness Testimony [Doc. 63]. Plaintiff filed a Response [Doc. 66] to the Motion, and Defendant filed a Reply [Doc. 67]. The Motion is now ripe for adjudication. Accordingly, for the reasons further explained below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion [**Doc. 63**].

## I.   POSITIONS OF THE PARTIES

Defendant requests [Doc. 63] that the Court exclude all expert testimony offered by Plaintiff, including, but not limited to, Laura Eddlemon, LCSW ("Eddlemon") and Amy Barnett, M.D., ("Dr. Barnett") for violations of Federal Rule of Civil Procedure 26(a)(2). Defendant asserts that on July 23, 2018, in response to an interrogatory, Plaintiff identified Eddlemon and Dr. Barnett as fact witnesses. Defendant states that on October 19, 2018, ten days after the deadline for Plaintiff's disclosure of medical expert testimony, Plaintiff amended her initial disclosures and identified Eddlemon and Dr. Barnett as "non-retained medical experts." Defendant argues that an

expert report is required under Rule 26(a)(2)(B) because Eddlemon and Dr. Barnett are expected to testify that Plaintiff sustained emotional distress as a result of the retaliatory actions taken by Defendant. Defendant argues that in this type of case, when an expert witness seeks to testify about the causation of the patient's injuries, a report is required under Rule 26(a)(2)(B). Defendant states that another issue is that Plaintiff's experts intend to testify that Plaintiff suffered "retaliatory actions by Defendant," which blames Plaintiff's injuries on Defendant's actions. Defendant concludes that Plaintiff's "non-retained medical experts" must be stricken.

Plaintiff responds [Doc. 66] that Dr. Barnett and Eddlemon were fully disclosed to Defendant prior to the expert deadline and pursuant to the Federal Rules of Civil Procedure. Plaintiff asserts that these experts are treating physicians under Rule 26(a)(2)(C), and therefore, no written expert report is required.[1] Plaintiff argues that she responded to numerous interrogatories detailing her medical treatment with Dr. Barnett and Eddlemon. Plaintiff submits that her prior disclosures, written discovery, and medical records produced to Defendant are sufficient to satisfy Plaintiff's disclosure requirements of treating physicians under Rule 26(a)(2)(C). Plaintiff contends that contrary to Defendant's assertion, it is permissible for a treating physician to opine on causation of a patient's injury as long as the treating physician learned such information through the normal course of treating the patient. Plaintiff maintains that her treating physicians will only be asked to provide their medical opinions as to the underlying cause of Plaintiff's emotional distress that they themselves developed during the ordinary course of treating Plaintiff. Further, Plaintiff argues that any deficiency of her prior disclosures are

---

[1] In her Response, Plaintiff acknowledges that Eddlemon is not a physician. Plaintiff states that for ease of reference, she will refer to Eddlemon and Dr. Barnett as "treating physicians." The Court will follow suit.

substantially justified or constitute harmless error pursuant to Rule 37(c)(1).

Defendant replies [Doc. 67] that the treating physicians' expected testimony—that is, Plaintiff suffered emotional distress as a result of the retaliatory actions taken by the Defendant—is an opinion on the ultimate issue of this case and does not relate to treatment. Defendant states that even if an expert report is not required, Plaintiff failed to comply with Rule 26(a)(2)(C).

## II. ANALYSIS

The Court has considered the filings in this case, and for the reasons further explained below, the Court finds Defendant's Motion [Doc. 63] well taken in part.

In addressing the instant dispute, the Court finds it helpful to begin with the expert report requirements under Rule 26(a)(2), and then, the undersigned will turn to the issue in the present matter.

### A. Requirements under Rule 26(a)(2)

Rule 26(a)(2) governs expert disclosure requirements. Specifically, Rule 26(a)(2)(B) provides, in relevant part, that expert witness disclosures "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony." In addition, Rule 26(a)(2)(B) provides as follows:

> The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

>   (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
>   (vi)  a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Generally, "a treating physician is not required to submit an expert report or disclosure under Rule 26(a)(2)(B) because a treating physician is not 'retained or specially employed to provide expert testimony in the case.'" *Taylor v. U.S.,* No. 2:04-cv-128, 2005 WL 5984597, at *1 (E.D. Tenn. Nov. 23, 2005) (quoting Rule 26(a)(2)(B)). Rule 26(a)(2)(C), however, still requires summary disclosures of the facts and opinions to be offered by such expert witnesses even if they are not required to provide the detailed report under Rule 26(a)(2)(B).

> Specifically, Rule 26(a)(2)(C) states:
>
> Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Subsection (C) "appears to speak directly to experts, such as treating physicians, whose testimony often blurs the line between fact and opinion." *Call v. City of Riverside*, No. 3:13-cv-133, 2014 WL 2048194, at *3 (S.D. Ohio May 19, 2014) (quoting *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.S. 641, 645 (N.D. Ind. 2011)). Thus, while treating physicians are not required to provide an expert report pursuant to Rule 26(a)(2)(B), the party offering the treating physician's opinion must provide the disclosures outlined in Rule 26(a)(2)(C).

The Court will now turn to Plaintiff's disclosures.

### B. Plaintiff's Disclosure of Eddlemon and Dr. Barnett

Plaintiff identified Eddlemon and Dr. Barnett in response to Defendant's interrogatories as follows:

> Laura Eddlemon, LSCSW Bearden Behavior Health, 8848 Cedar Springs Lane, Suite 201, Knoxville, TN 37923. Telephone: (865) 212-6600. Laura Eddlemon is a non-retained medical expert. She is expected to testify that Plaintiff sustained emotional distress as a result of the retaliatory actions taken by the Defendant. She is expected to testify consistent with her medical records. For further answer, see Plaintiff's medical records and Plaintiff's Response to Interrogatory No. 16.
>
> Amy Barnett, M.D. Faculty Internal Medicine. 2255 Sutherland Avenue, Ste. 121, Knoxville, TN 3719. Telephone: (865) 218-9220. Dr. Barnett is a non-retained medical expert. She is expected to testify that Plaintiff sustained emotional distress as a result of the retaliatory actions taken by the Defendant. She is expected to testify consistent with her medical records. For further answer, see Plaintiff's medical record and Plaintiff's Response to Interrogatory No. 16.

[Doc. 63-1 at 1-2]. Interrogatory No. 16 requests Plaintiff to identify her healthcare providers. Plaintiff identifies Dr. Barnett and explains, "Plaintiff has seen Dr. Barnett several times from 2016 to present for various wellness checks, general ailments, and stress, anxiety, and depression related to the retaliatory actions of the Defendant." [Doc. 66-1 at 11]. Plaintiff also includes the dates that she saw Dr. Barnett. [*Id.*]. With respect to Eddlemon, Plaintiff states that she saw Eddlemon several times from 2016 to the present for therapy and counseling, and Plaintiff provides the dates that she saw Eddlemon. [*Id.*]. In addition, with respect to Interrogatory No. 15, Plaintiff lists a number of injuries that she alleges to have sustained due to Defendant's conduct and identifies Eddlemon and Dr. Barnett as individuals who have treated her for the listed conditions. [*Id*. at 10]. Further, Plaintiff supplements her initial disclosures by providing Eddlemon's and Dr. Barnett's medical records.

At this time, it does not appear that Eddlemon and Dr. Barnett are subject to the more extensive requirements under Rule 26(a)(2)(B). Defendant asserts that they should have been identified under Rule 26(a)(2)(B) because they intend on testifying as to the cause of Plaintiff's injuries. The Sixth Circuit has addressed this issue. Specifically, in *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007), the Court addressed whether a report was required before the treating physician could testify as to the cause of plaintiff's carpal tunnel syndrome. The district court excluded the treating physician, finding that the treating physician was an expert under Rule 26(a)(2)(B), and he did not file an expert report by the deadline. *Id.* at 869.

The Sixth Circuit reversed the district court's decision, explaining that Rule 26(a)(2)(B) does not require an expert report from a treating physician in the context of this case when he was simply testifying as to the cause of plaintiff's condition. *Id.* The Sixth Circuit reasoned that "doctors may need to determine the cause of an injury in order to treat it" and that "[d]etermining causation may therefore be an integral part of 'treating' a patient." *Id.* at 870.

The Court continued that the "biggest concern with permitting treating physicians to testify in all circumstances without providing expert reports is that this would permit circumvention of the policies underlying the expert report requirement." *Id.* The Court stated that "[a] party might attempt to avoid Rule 26(a)(2)(B)'s requirement by having a treating physician testify on an issue instead of having an expert do so." *Id.* The Sixth Circuit noted that "[s]ome courts have accordingly concluded that when the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Rule 26(a)(2)(B) requires the filing of an expert report from the treating physician." *Id.* "The determinative issue is the scope of the proposed testimony." *Id.* (quoting *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995)). The Court continued, "Under this purposive reading of Rule 26, a report is not required when a treating physician

6

testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment." *Id.* at 871.

Thus, the Court agrees with Plaintiff that it is permissible for a treating physician to opine on causation for his or her patient's injuries without the need for an expert report under Rule 26(a)(2)(B) so long as the treating physician learned such information through the normal course of treating the patient. Plaintiff maintains that her treating physicians will only be asked to provide their medical opinions as to the underlying cause of her emotional distress that they developed during the ordinary course of treating Plaintiff. Given Plaintiff's representation, the Court finds Eddlemon and Dr. Barnett are not required to submit a written report under Rule 26(a)(2)(B). If Plaintiff's supplemental disclosure of Eddlemon and Dr. Barnett (as ordered below) and/or Eddlemon's or Dr. Barnett's deposition testimony go beyond their course of treatment, the Court may revisit this issue upon a motion by Defendant.[2]

Although at this time it does not appear that Dr. Barnett and Eddlemon are subject to the requirements under Rule 26(a)(2)(B), as treating physicians, they are still subject to the requirements under Rule 26(a)(2)(C). Plaintiff maintains that her summary of disclosures, written discovery, and medical records produced to Defendant are sufficient to satisfy Plaintiff's disclosure requirement under Rule 26(a)(2)(C). The Court disagrees.

Specifically, the Court finds that producing medical records during discovery or identifying

---

[2] Defendant also argues that any opinion that Plaintiff experienced emotional distress as a result of the "retaliatory actions taken by Defendant" subjects Eddlemon and Dr. Barnett to the reporting requirements under Rule 26(a)(2)(B). Defendant continues, "This is an opinion on the ultimate issue of this case and does not relate to treatment." [Doc. 67 at 3]. The Court finds Defendant's argument better suited for a motion in limine, as opposed to a motion to exclude the witnesses from testifying at all.

7

treating physicians in response to interrogatories are not substitutes for providing the required disclosures under Rule 26(a)(2)(C). *Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *4 (E.D. Mich. Apr. 12, 2016) ("The Court finds that simply identifying a witness in an interrogatory and/or producing medical records does not meet the disclosure requirements of Rule 26(a)(2)(C)."). Further, the Court finds Plaintiff's responses to the interrogatories relating to Dr. Barnett and Eddlemon do not provide a summary of the facts and opinions to which these witnesses are expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C). As one court explained:

> [A] summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice.

*Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015); *see also Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *5 (E.D. Mich. Apr. 12, 2016) (quoting *Little Hocking Water Ass'n*). Simply stating that a treating physician is expected to testify consistent with his or her records does not comply with Rule 26(a)(2)(C). Accordingly, the Court finds that Plaintiff did not comply with the requirements provided in Rule 26(a)(2)(C).

The Court will now turn to whether sanctions are appropriate.

**C.     Sanctions**

Defendant requests that all expert testimony offered by Plaintiff be excluded. Plaintiff argues that any deficiencies in her prior disclosures with respect to Dr. Barnett and Eddlemon are

8

substantially justified or constitute harmless error pursuant to Rule 37(c)(1).

Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts have explained, "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a); that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Hunt v. Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015), *aff'd*, 665 F. App'x 435 (6th Cir. 2016) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)) (other citations omitted). Further, courts have explained that "exclusion of expert testimony is the 'standard sanction' for a violation of Rule 26." *Id.* (citing *Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999)). The burden is on the potentially sanctioned party to prove harmlessness. *Id.* (citing *Roberts ex rel. Johnson*, 325 F.3d at 782).

As an initial matter, the Court observes that Defendant has moved to exclude all expert testimony, although its Motion emphasizes Plaintiff's failure to properly disclose Dr. Barnett and Eddlemon. Plaintiff does not respond as to whether all expert testimony should be excluded, but she does represent that Dr. Barnett and Eddlemon are the only experts she intends to call with respect to emotional distress damages. In light of Plaintiff's failure to respond, the Court finds that any other expert witness who was not identified by the deadline cannot testify as an expert witness in this matter. *See Hunt*, 127 F. Supp. 3d at 789 (explaining that the burden is on the potentially sanctioned party to prove harmlessness) (other citations omitted).

With respect to Dr. Barnett and Eddlemon, the Court has considered the parties' arguments and finds that Plaintiff's failure to timely and adequately provide Eddlemon's and Dr. Barnett's

9

disclosures is harmless under these circumstances. First, Defendant acknowledges that it is not surprised with the identity of these experts. The Court observes that throughout discovery, Plaintiff identified Eddlemon and Dr. Barnett as witnesses. The Court has also considered the prejudice to Defendant. Defendant asserts that it has no notice as to what these experts will testify. The Court, however, will order Plaintiff to provide such disclosures. Further, Plaintiff states that she will not object to Defendant needing additional time to submit any rebuttal expert and/or to depose these witnesses. The Court expects the parties to work together on such issues, including the scheduling of depositions. Accordingly, the Court will not exclude Dr. Barnett and Eddlemon from testifying as expert witnesses in this case.

## V.     CONCLUSION

As a final matter, in Defendant's Reply, it asserts that Plaintiff has refused to sign a protective order and has not executed a release for medical records. Given that this issue was raised in a reply brief, Plaintiff has not responded. The Court **ORDERS** the parties to work together in good faith to resolve this issue promptly. If the parties cannot agree on a resolution, they may bring this matter to the Court's attention.

Accordingly, for the reasons set forth above, Defendant's Motion to Strike and Exclude Expert Witness Testimony [**Doc. 63**] is **GRANTED IN PART AND DENIED IN PART.** The Court **ORDERS** Plaintiff to supplement her disclosures with respect to Dr. Barnett and Eddlemon within fourteen (14) days of entry of this Memorandum and Order.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge